IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLEON ABRAMS, SR., *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0068-WS-B |
| | ) |
| CIBA SPECIALTY CHEMICALS | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court *sua sponte* on review of the court file.  On May 9, 2008, Magistrate Judge Bivins entered an Order (doc. 27) in which she authorized plaintiffs' counsel of record to withdraw as counsel for Plaintiffs Sundra Howard, Peggy Byrd, Percy Carl Rivers, Glen O. Reed, George Curtis and Janice Green.[1]  In that May 9 Order, Magistrate Judge Bivins issued a very specific directive to these six plaintiffs as follows:

> "On or before **May 29, 2008**, Plaintiffs are ORDERED to have new counsel appear on their behalf, or by said date, each of the referenced Plaintiffs, is to advise the Court, in the form of a written pleading as set out in Local Rule 5.1, that he/she wishes to proceed without counsel."

(May 9 Order (doc. 27), at 2.)  These six plaintiffs were also fully apprised of the consequences of their failure to respond to the Order, to-wit, that their claims would be subject to dismissal for failure to prosecute.

    The six plaintiffs were mailed copies of the May 9 Order via certified mail, return receipt requested, and the court file confirms that delivery was effected on each of them between May 15, 2008 and May 17, 2008.  (*See* docs. 36, 37.)  Yet not a single one of these plaintiffs timely

---

[1]     The basis of that withdrawal was plaintiffs' counsel's determination that plaintiffs Howard, Byrd, Rivers and Reed lacked any detectable DDT contamination on their properties, and that plaintiffs Green and Curtis were not the legal owners of the properties for which they sought to assert claims.  In short, plaintiffs' counsel withdrew from representing these six plaintiffs because of their conclusion that none of these plaintiffs has a viable cause of action against defendants for DDT-related property devaluation.

complied with Magistrate Judge Bivins' Order. In fact, they never complied at all. To this day, not a single one of these plaintiffs has abided by the July 9 Order's very clear directive that they have their new counsel of record file a notice of appearance or, alternatively, file a written pleading stating that they wish to proceed without counsel.

District courts possess inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute. *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion."). Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth*, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt"

on the part of a litigant).  Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time."  *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones*, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (deeming dismissal for failure to prosecute appropriate where there was total non-cooperation by plaintiff's counsel, a history of delay, and prejudice to defendant).

      Under the circumstances presented here, the Court finds that dismissal of these six plaintiffs' claims is the only appropriate sanction.  These plaintiffs have undertaken no action whatsoever to prosecute their claims since their attorneys were allowed to withdraw on May 9, 2008.  Each of them has disregarded the May 9 Order (doc. 27), despite actual notice of same.  In light of the foregoing, and the Court's determination that lesser sanctions will not suffice to remediate these plaintiffs' pattern of delay and non-compliance with court orders, the claims of plaintiffs Sundra Howard, Peggy Byrd, Percy Carl Rivers, Glen O. Reed, Janice Green and George Curtis are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and failure to comply with orders of this Court.  The Clerk of Court is directed to send a copy of this Order by U.S. Mail, first class, to each of these six plaintiffs, and to **terminate** these six plaintiffs as parties to this action.

      DONE and ORDERED this 25th day of August, 2008.

                                                    s/ WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE