IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEON ABRAMS, SR.,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )     **CIVIL ACTION 08-0068-WS-B** |
| | ) |
| **CIBA SPECIALTY CHEMICALS** | ) |
| **CORPORATION,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (doc. 174). The Motion has been briefed and is ripe for disposition.[1]

Plaintiffs are requesting leave to amend their pleadings to add or substitute nine new plaintiffs (Freddy Adams, Sr., Ida Adams, Betty Marks, Sister Minnie Gowdy, Rev. Pamela Sainvilus, Brother Oliver Young, Helen R. Willis, Shelby Chestang, Gary Witherspoon). The reasons for these proposed additions and substitutions are varied. For example, plaintiffs wish to substitute Shelby Chestang for plaintiff Bobby Joe Chestang, Sr., who died in July 2006, more than a year and a half before the Complaint was filed.[2] Plaintiffs seek to add Helen Willis as a plaintiff on the ground that she acquired property at issue in this lawsuit more than a quarter century ago. Plaintiffs want to substitute Gary Witherspoon for existing plaintiff Joycelyn

---

[1] This Motion marks plaintiffs' second attempt to file a Second Amended Complaint. On January 30, 2009, plaintiffs unilaterally filed a Second Amended Complaint (doc. 99) without leave of court. That filing, which would have implemented most (but not all) of the additions and substitutions that plaintiffs now seek to make, was stricken by the undersigned just three days later pursuant to Rule 15's requirement that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Rule 15(a)(2), Fed.R.Civ.P. After the Second Amended Complaint was stricken, plaintiffs tarried for three and a half months before filing the instant Motion on May 15, 2009.

[2] Plaintiffs' counsel represent that they were unaware of the 2006 demise of Mr. Chestang, their client in these proceedings for the last year and a half and one of just 27 designated test plaintiffs, "until recently." (Doc. 188, at 4.)

Moore "because the property deeds show that Gary Witherspoon is the actual owner of property already subject of this lawsuit," and that Moore, the plaintiff previously linked to that property, "does not have an interest in the property." (Doc. 174, at 5.)  The other six proposed new plaintiffs would be added as representatives and trustees for two churches.

In support of their Motion, plaintiffs invoke the liberal amendment policy embodied in Rule 15 of the Federal Rules of Civil Procedure, which states that courts "should freely give leave when justice so requires."  Rule 15(a), Fed.R.Civ.P.  But Rule 15(a) is not the binding constraint here.  The applicable Rule 16(b) Scheduling Order entered by Magistrate Judge Bivins in this case in October 2008 expressly provided that "[a]ny motion for leave to amend the pleadings or join other parties must be filed by January 30, 2009."  (Doc. 67, ¶ 5.)[3]  Plaintiffs' Motion overshot that deadline by some 105 days.  The law of this Circuit is clear that a motion to amend pleadings filed after the applicable scheduling order deadline is governed in the first instance by the more stringent Rule 16(b) test, rather than the liberal Rule 15(a) standard.  *See Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with ... Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the deadline prescribed in the scheduling order); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").  The Court therefore declines plaintiffs' implicit invitation to hopscotch over Rule 16(b) and decide the Motion to Amend exclusively by reference to Rule 15(a).  *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293,1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted).

---

[3] This deadline was not significantly more compressed than the February 13, 2009 date proposed by plaintiffs as a final deadline for joinder of additional parties and amendment of the pleadings.  (*See* doc. 61, Exh. A, ¶ 8.)  In any event, plaintiffs never balked at the January 30 deadline or asked Magistrate Judge Bivins to extend it prior to its expiration.

Because plaintiffs requested leave to amend the Complaint more than three months after the deadline established by the operative Scheduling Order, their untimely Motion to Amend may be granted, and the after-the-fact revision to the Scheduling Order approved, "only for good cause and with the judge's consent."  Rule 16(b)(4), Fed.R.Civ.P.  Indeed, "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."  *Smith*, 487 F.3d at 1366; *see also Sosa*, 133 F.3d at 1419 (similar).  The Rule 16(b) "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa*, 133 F.3d at 1418; *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment.").  In assessing the presence or absence of good cause, the Court recognizes that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609; *see also O'Connell*, 357 F.3d at 155 (indifference by movant precludes Rule 16(b) relief "because such conduct is incompatible with the showing of diligence necessary to establish good cause").

The record appears fundamentally irreconcilable with any suggestion of diligence.[4]  Surely, had plaintiffs' counsel acted diligently, they could have ascertained whether their clients (and test plaintiffs, especially) were alive or dead, whether they actually possessed an interest in the parcels of land that counsel said they did, or who the interested parties were for the particular

---

[4] To rebut defendants' objection that this request to leave the pleadings comes well after the Scheduling Order deadline, plaintiffs do not maintain that extenuating circumstances prevented them from filing their Motion earlier, despite diligence.  Instead, they mistakenly suggest that Scheduling Order deadlines are trumped by Rule 15(a), reasoning that "the scheduling order does not contemplate the liberal language of Rule 15(a)(2)."  (Doc. 188, at 3.)  Such thinking is contradicted by the binding precedents set forth *supra*, and would effectively render scheduling orders illusory and Rule 16(b) a nullity.

parcels at issue, long before the January 30, 2009 deadline for amending pleadings.  Plaintiffs do not contend that their requested amendment hinges on late-breaking developments, and the facts identified in the briefs (*i.e.*, that Bobby Joe Chestang, Sr. died in 2006, that Helen Willis acquired a subject parcel in 1983, etc.) are incompatible with any such contention.  But the most compelling evidence of plaintiffs' lack of diligence is their now-stricken Second Amended Complaint (doc. 99) filed on January 30, 2009, which reflects that plaintiffs' counsel had identified most of these proposed additions and substitutions prior to the Scheduling Order deadline.  Plaintiffs' counsel plainly knew at least most of the facts that inform their proposed amendment prior to that deadline, yet they waited to request leave to make that amendment until more than three months after the deadline had passed.[5]  Accordingly, the Court finds that plaintiffs were not diligent in attempting to comply with the Scheduling Order deadline for amending the pleadings.  That finding, in turn, warrants a conclusion that plaintiffs have failed to show good cause pursuant to Rule 16(b)(4) for modifying the Scheduling Order's long-expired deadline for amending pleadings.

In short, then, Magistrate Judge Bivins entered a Scheduling Order setting a firm deadline for motions to amend the pleadings or join additional parties.  This deadline was not aspirational.  Despite knowledge of that deadline (and prior knowledge of most or perhaps even all of the facts on which the proposed amendment rested), plaintiffs' counsel waited for more than 100 days after that deadline before seeking leave to amend their pleadings.  They have not shown good cause, nor have they otherwise satisfied the Rule 16(b)(4) standard for modification

---

[5] It is no answer to respond, as plaintiffs' counsel do, that they "mistakenly believed that the Scheduling Order ... allowed the parties to file amended pleadings or to join parties without leave of court" until January 30, 2009.  (Doc. 174, at 1 n.1.)  First of all, the Scheduling Order on its face stated that "*[a]ny motion* for leave to amend the pleadings or to join other parties must be filed by" January 30.  (Doc. 67, ¶ 5 (emphasis added).)  That section cannot reasonably be read as authorizing amendments without leave of court.  Second, and more importantly, to the extent that plaintiffs' counsel misunderstood the Scheduling Order in this regard, this Court clarified the matter on February 2, 2009, by entering an Order (doc. 100) striking their amended pleading for failure to request leave of court before filing it.  Yet, even after they unquestionably knew they needed permission for their amendment, plaintiffs' counsel waited another three and a half months before asking for same.  Such conduct precludes a finding of diligence.

of scheduling orders, as required by *Sosa* and its progeny, antecedent to application of Rule 15(a).  Accordingly, plaintiffs cannot expand the parameters of this action at this late date by substituting or adding nine new plaintiffs.  To allow such an untimely amendment would serve only to exacerbate the recurrent swirling confusion in this case about such basic matters as who the plaintiffs are and which parcels of land are at issue.

For all of the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint (doc. 174) is **denied**.

DONE and ORDERED this 12th day of June, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE