IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEON ABRAMS, SR.,** *et al,* | * |
| | * |
|     **Plaintiffs,** | * |
| | * |
| **vs.** | * Civil Action No. 08-00068-WS-B |
| | * |
| **CIBA SPECIALTY CHEMICALS** | * |
| **CORPORATION,** *et al* | * |
| | * |
|     **Defendants.** | * |

**ORDER**

This case is before the Court on Plaintiffs' Second Motion to Compel and Motion for Discovery Sanctions (Doc. 278) and Plaintiffs' Motion to Quash Subpoena. (Doc. 370). Upon review of the above-referenced motions and supporting documents, and Defendants' responses in opposition (Docs. 281, 375), the undesigned finds that Plaintiffs's Second Motion to Compel is due to be DENIED, and that Plaintiff's Motion to Quash Subpoena is due to be GRANTED.

Turning first to Plaintiffs' Second Motion to Compel, the undersigned observes that the parties have conducted extensive discovery in this case, and in the related case of <u>Fisher v. Ciba Specialty Chemicals Corporation</u>, Civ. No. 03-005660WS-B. The discovery related to these cases has spanned over several years and has involved the exchange of hundreds of thousands of documents, numerous depositions and countless property inspections. Just as discovery was nearing completion in this case, Plaintiffs filed a

Motion to Compel and a Motion to Extend Deadlines (Doc. 190, 194). Plaintiff sought supplemental responses to Defendants' discovery responses and an opportunity to depose the three individuals who certified Defendants' interrogatory responses. Plaintiffs asserted that these depositions were necessary in order to determine whether Defendants conducted a diligent search in response to Plaintiffs' discovery requests. Defendants argued that while the individuals who Plaintiffs sought to depose could describe the procedures the Defendants used to respond to the discovery requests, the requested information related to operations dating back nearly fifty years, and as a result, there was no one within any of the named companies who had first hand knowledge regarding the information sought. Thus, the depositions would be a waste of time.

In an Order dated July 21, 2009 (Doc. 239), the Court granted Plaintiffs' Motion to Compel in part, and directed Defendants to provide supplemental responses. In addition, the Court extended the discovery deadline to August 7, 2009 so as to permit Plaintiffs' counsel to complete the requested depositions. More than a month after the expiration of the August 7th discovery deadline, Plaintiffs filed the instant Motion to Compel. In the motion, Plaintiffs do not contend that a specific interrogatory response was deficient. Instead, the essence of Plaintiffs' motion is that because the three individuals who verified Defendants' interrogatory responses testified at their depositions that they

2

have no personal knowledge of the information contained in the interrogatory responses, and that the responses were drafted by counsel, Plaintiffs should be permitted to depose defense counsel in order to determine the steps they took to respond to the interrogatories.  In response, Defendants contend that Plaintiffs' motion is a mere delay tactic as virtually identical certifications were attached to Defendants' prior discovery responses, that the certifications placed Plaintiffs on notice that the interrogatory responses were drafted by counsel, and that Plaintiffs raised no objection to the certifications.  In addition, Defendants note that before Plaintiffs took the depositions of the three individuals who signed the verifications, they were advised that these individuals signed the verifications in their corporate capacities, and that while they possess no first hand knowledge regarding the interrogatory responses, they could testify about the companies' procedures which are utilized to respond to discovery requests. Defendants also assert that Plaintiffs' motion is untimely because it was filed more than forty (40) days after the close of the extended discovery period.  Defendants further assert that they have made available for deposition at least two former employees who worked at the McIntosh site, and those individuals testified regarding their knowledge of the location of documents pertaining to the DDT operations at  the McIntosh site during the period in question.

The undersigned finds that Plaintiffs' Second Motion to Compel is due to be denied because it was untimely filed. The Court's Scheduling Order (Doc. 67) expressly provides that motions to compel are to be filed prior to the expiration of the discovery deadline. As noted supra, the discovery deadline in this case was extended, at the request of Plaintiffs, to August 7, 2009 to afford Plaintiffs' counsel an opportunity to depose the three individuals who signed the certifications attached to Defendants' interrogatory responses. The instant motion seeking to compel defense counsel to submit to a deposition was filed more than a month after the extended discovery deadline. Plaintiffs did not seek leave of Court before filing the motion, nor have they offered any plausible reason for their untimely filing. Accordingly, the motion is due to be denied as untimely.

The undersigned further finds that *assuming arguendo* that the motion had been timely filed, it would still be denied. Rule 33(b)(1) provides that interrogatories must be answered: (A) by the party to whom they are directed; or (B) if the party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party. Additionally, Rule 33(b)(5) provides that the person who makes the answers must sign them, and the attorney who objects must sign any objections. In Shepard v. American Broadcasting Companies, Inc., 62 F.3d 1469 (D.C. Cir.

1995), the court explained as follows:

> Federal Rule 33 expressly permits a party representative of a corporate party to verify the corporation's answers with personal knowledge of every response by "furnishing such information as is available to the party." Fed. R. Civ. P. 33(a) (emphasis added); *see, e.g.* General Dynamic Corp v. Selb Mfg. Co., 481 F. 2d 1204, 1210 (8th Cir. 1973), *cert denied*, 414 U.S. 1162, 39 L. Ed. 2d 116, 94 S. Ct. 926 (1974); United States v. 42 Jars, 264 F. 2d. 666, 670 (3rd Cir. 1959); Chapman & Cole v. Intel Container Int'l B.V., 116 F.R.D. 550, 558 (S.D. Texas 1987), *aff'd*, 865 F.2d 676 (5th Cir.) *cert. denied*, 493 U.S. 872 (1989); In re Folding Carton Antitrust Litigation, 76 F.R.D. 417, 419 (N.D. Ill. 1977). Of course, the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate. See Folding Carton, 76 F.R.D. at 419. The representative may accomplish this through whatever internal process the corporation has chosen, including discussions with counsel. C.f. Wilson, 561 F. 2d at 508 (corporate attorneys authorized to sign corporation's interrogatory responses.)

Id. at 1482.

In the case sub judice, Defendants' interrogatory responses, which contained objections, were signed by counsel for Defendants. (Docs. 278-1, 278-2, 278-3, 278-4). In addition, the interrogatory responses included certifications that were completed by Patricia Henry, Assistant Secretary for Ciba Corporation, Joseph Lulak, Vice President for Novartis Corporation and Millie L. Wright, Assistant Secretary for Syngenta Corporation Protection, Inc. Each of the certificates state that the Defendants' Supplemental Interrogatory Responses were prepared by the attorneys for the respective Defendants, based on information obtained from documents and/or

5

employees of the respective companies and/or documents filed and produced in this case and related litigation and that the responses are true to the best of their information, knowledge and/or belief. Each of the referenced individuals who provided certifications were also deposed by Plaintiffs' counsel, and each of them described the procedure utilized by their respective companies to respond to interrogatory responses. (Docs. 278-5, ps. 9-10; 278-6, p. 10; 278-7, ps. 10-11). For instance, Ms. Henry explained that once a discovery request is received, the companies' in-house counsel will direct a paralegal to place the company's out-side counsel in touch with those employees who may have knowledge or documents responsive to the interrogatory request. Outside counsel drafts the response after meeting with the employees and reviewing documents. Next, in-house counsel will review the responses, and then forward them on to the Assistant Secretary to review and certify. Ms. Henry testified that while she has no personal knowledge regarding the information contained in her company's interrogatory responses, the company's normal procedures for responding to discovery requests were followed in this case. Likewise, Mr. Lulak and Ms. Wright also described the procedures utilized by their respective companies to respond to discovery requests and confirmed that the procedures were followed in this case. Accordingly, the undersigned finds that the fact that the corporate officers did not have personal knowledge of the interrogatory responses concerning

6

plant operations dating back several years, does not render the certifications invalid because each officer was able to describe the procedure utilized by their respective company to respond to the discovery requests. *See* Shepard, 62 F.3d at 1482; Gardias v. San Jose State University, 2007 U.S. Dist. LEXIS 59942 (N.D. CA. August 9, 2007)(corporate representative need not have personal knowledge of every response.)  This is particularly true where Plaintiffs were also afforded the opportunity to depose former employees who actually worked at the McIntosh site when the DDT operations were in existence. Thus, Plaintiffs' motion is due to be denied.

Turning to Plaintiffs' Motion to Quash, the undersigned finds that the motion is due to be granted.  Plaintiff seeks to quash the subpoena issued by Defendants to non-party, University of Houston. The subpoena, which was issued on January 22, 2010, seeks the educational records of Plaintiffs' expert, Dr. Robert Scates. Plaintiffs argue that the subpoena is improper because it was issued long after the expiration of the discovery period. Defendants argue that it is a valid trail subpoena which seeks documents for trial preparation.

"Rule 45 subpoenas have been generally held to constitute discovery, and therefore, are subject to the same time constraints that apply to all other formal discovery[.]" Pushko v. Klebener, 2007 U.S. Dist. LEXIS 66223 (M.D. Fla. Sept. 7, 2007), quoting

7

Nicholas v. Wyndam Int'l, Inc., No. Civ. 2001/147-M/R, 2003 U.S. Dist. LEXIS 24513, 2003 WL 23198847 at *2 (D.V.I. Oct. 1, 2003)(internal quotation marks omitted).  However, parties are permitted to issue trial subpoenas duces tecum for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original records previously disclosed by discovery.  Puritan Inv. Corp. v. ASLL Corp., 1997 U.S. Dist. LEXIS 19559, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997); *see also* Rice v. United States, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995)(Rule 45 subpoena duces tecum cannot be used as a form of discovery to circumvent deadlines; however, a rule 45 subpoena duces tecum may be employed to secure the production at trial of original documents previously disclosed by discovery.); *See also* Dees v. Hyundai Motor Manufacturing Alabama, LLC, 2008 U.S. Dist. LEXIS 23710 (M.D. Ala. March 25, 2008)(subpoena seeking employment records properly considered a discovery device, and as such, it was untimely because it was served after the discovery deadline.)

In the case at hand, the undersigned finds that the subpoena duces tecum issued by Defendants in this case was an improper attempt to circumvent the discovery deadline.  Not only was Plaintiffs' expert identified to Defendants during the discovery period, but defense counsel was afforded the opportunity to depose him and thus question him about his education.  Clearly, the need for Mr. Scates' educational records should have been anticipated

8

during the discovery period, and the records obtained prior to the expiration of the discovery period.  Defendants offer no plausible explanation for their failure to timely seek Mr. Scates' educational records.  Defendants' assertion that the records are needed in order to prepare for trial is not persuasive where the need for the records should have been anticipated during the discovery period.  To find otherwise would encourage litigants to routinely disregard discovery deadlines, and instead seek documents, via subpoena, outside of the discovery period by merely asserting that the documents are necessary for trial preparation.

DONE this **19th** day of **May, 2010.**

      **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**