IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLEON ABRAMS, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0068-WS-B |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on a hodgepodge of outstanding pretrial issues, including Defendants' Motion in Limine to Preclude References to Alleged Violations (doc. 302), Plaintiffs' Motion for Jury Instruction Regarding Spoliation of Evidence (doc. 315), plaintiffs' objection to defense witness Carl Reed, Plaintiffs' Submission Regarding Four Named Defendants (doc. 365), and Plaintiffs' Motion to File Second Amended Exhibit List and Modify Final Pretrial Order (doc. 378). All of these matters are ripe for disposition at this time.

**I.  Defendants' Motion in Limine Regarding EPA Violations.**

Defendants filed a Motion in Limine seeking to exclude all evidence and argument "that Defendants violated the guidelines, regulations or a consent order with the United States Environmental Protection Agency or other governmental agency." (Doc. 302, at 4.) To support this request, defendants assert that plaintiffs have no evidence of any violations, such that it would be unduly prejudicial and misleading for plaintiffs to argue the existence of any such violations to the jury. To be clear, the Court's understanding of defendants' position is not that evidence of violations would be inadmissible, but is rather that there simply is no evidence of same.

In response, plaintiffs suggest that they do have evidence of violations (even if the EPA has not expressly labeled them as such) at the Ciba McIntosh facility. Plaintiffs do not identify any specifics of the violations they intend to present to the jury at trial, but they correctly

observe that "to the extent there are instances of EPA violations or occasions on which the Ciba-Geigy plant failed to comply with government orders, guidelines or standards related to the clean-up of DDTr, those facts are unquestionably relevant" in this case. (Doc. 331, at 2.) Plaintiffs are also on target in their assertion that the absence of an explicit finding by a government agency of a violation at Ciba McIntosh is neither conclusive proof that no violation occurred nor an automatic basis for sealing off this line of evidence at trial.[1] Nonetheless, defendants bluster in their reply brief that there is no evidence of violations and that they fear plaintiffs will engage in "antics," "illogical arguments," and "unsubstantiated accusations" at trial, such that a blanket order of exclusion is necessary to restrain such improper behavior. (Doc. 345, at 2.)

At this juncture, on this record, and with the non-specific briefing before it, the Court cannot hazard a guess -- much less conclusively ascertain -- whether plaintiffs do or do not have evidence that Ciba violated EPA or other government agency orders, guidelines, standards or regulations concerning DDTr clean-up at the McIntosh plant.[2] It would therefore be premature and inappropriate to preclude plaintiffs from presenting evidence and argument at trial that defendants violated EPA or other governmental requirements. To the extent that plaintiffs have specific evidence of a violation, and to the extent that such a violation is relevant to the harm of which they complain in this case, plaintiffs will be allowed to make such a showing at trial and to argue that Ciba's McIntosh facility was in fact non-compliant. What plaintiffs cannot do, of course, is make vague, reckless, unsubstantiated allusions to violations without supporting

---

[1] Defendants characterize plaintiffs' stance as being that the EPA has "determined that the Defendants violated any government orders, guidelines or standards with respect to the clean-up of DDT." (Doc. 345, at 2.) This is incorrect. Plaintiffs do not suggest that the EPA specifically deemed Ciba to be in violation; rather, their argument is that Ciba violated government orders, guidelines and standards with respect to DDT clean-up, notwithstanding the EPA's silence in the matter.

[2] It appears that defendants' Motion may have been motivated, at least in part, by a desire to "smoke out" plaintiffs on this issue and receive an advance preview of plaintiffs' arguments and evidence. But the parties have already conducted exhaustive discovery for the purpose of demystifying each side's anticipated proof and arguments. A motion in limine is not an appropriate substitute for thorough utilization of available discovery tools.

evidence. Plaintiffs may certainly argue reasonable inferences from the evidence, but they are reminded that any such arguments must be tethered to the record evidence at trial. To the extent that plaintiffs deviate from that evidence, or argue to the jury that Ciba violated EPA requirements without a proper foundation in the record, this Court will sustain any properly lodged defense objection and issue an appropriate curative instruction to the jury.[3]

For all of these reasons, defendants' Motion in Limine to Preclude References to Alleged Violations (doc. 302) is **denied**.

## II.     Plaintiffs' Motion Regarding Spoliation of Evidence.

Also pending is Plaintiffs' Motion for Jury Instruction Regarding Spoliation of Evidence (doc. 315). In that filing, plaintiffs candidly admitted that they were "uncertain," but that they held a "suspicion" that defendants had spoliated evidence. (Doc. 315, at 1.) Several weeks later, plaintiffs filed a Supplement explaining that they filed the Motion essentially as a place holder "to preserve the option of a spoliation instruction based on the evidence Plaintiffs anticipate they will find" upon conducting follow-up discovery pursuant to their Second Motion to Compel. (Doc. 348, at 1.)[4] Unfortunately for plaintiffs, Magistrate Judge Bivins has since entered an

---

[3]     Defendants ask the Court to go one step further by ordering plaintiffs "to proffer any evidence of an alleged violation outside the presence of the jury." (Doc. 345, at 3.) The Court perceives no sound reason to commit to such a time-consuming procedure *ex ante*, and is wary of doing so when there are adequate corrective measures available. Indeed, the most probable result of granting defendants' request would be nothing more than the addition of a duplicative procedural layer extending and delaying completion of the trial. As for defendants' suggestion that curative instructions are inadequate because of the difficulty inherent in "unringing the bell," the Court disagrees. The prospect of a judicial rebuke in front of the jury should plaintiffs' counsel tar Ciba with the brush of EPA violations in the absence of reasonably supporting evidence is a powerful deterrent. The curative instruction would be tantamount to the Court informing the jury that plaintiffs' counsel had been dishonest to them, which could undermine plaintiffs' counsel's credibility and rapport with the finder of fact. In the undersigned's view, that deterrent will be more effective than a cumbersome, time-intensive proffer procedure to dampen any overzealous impulse plaintiffs' counsel may have to label Ciba an EPA violator without substantial supporting evidence.

[4]     In light of this reasonable explanation and plaintiffs' obvious attempt to comport with pretrial motion filing deadlines even as they were awaiting disposition of the motion to compel on which this Motion is founded, the Court cannot agree with defendants (who elected to file a 10-page Opposition (doc. 315) to the empty vessel that is plaintiffs' Motion) that

Order (doc. 389) denying the Second Motion to Compel as untimely filed. Accordingly, the present posture of plaintiffs' Motion for Jury Instruction Regarding Spoliation of Evidence is that (i) plaintiffs have identified no evidence that Ciba destroyed evidence, much less that they did so with the requisite bad faith;[5] (ii) plaintiffs admit that they have nothing more than a "suspicion" of wrongdoing in this regard; and (iii) plaintiffs' motion to compel that was designed to elicit evidence to support their spoliation motion has been denied. By all appearances, then, this spoliation-related Motion is a dead letter. Plaintiffs have adduced no evidence of spoliation and failed timely to explore discovery avenues that might have led to the development of such evidence.

For all of the foregoing reasons, the Motion for Jury Instruction Regarding Spoliation of Evidence (doc. 315) is **denied**.

### III.     Plaintiffs' Objection to Carl Reed.

In the parties' proposed Joint Pretrial Order (doc. 321) and at the Final Pretrial Conference, plaintiffs objected to defendants' designation of Carl Reed as a witness on the ground that defendants did not properly disclose this witness. After defendants submitted a memorandum (doc. 360) setting forth their position on the disclosure issue, plaintiffs withdrew their objection that Reed had not been properly disclosed. (Doc. 364, at 1.) Accordingly, plaintiffs' objection to the manner and timing of defendants' disclosure of Carl Reed is **moot**; however, nothing herein shall be deemed to foreclose plaintiffs' ability to object to all or part of Reed's testimony at trial on relevance grounds should such an objection be appropriate.

### IV.     Plaintiffs' Submission Regarding Four Named Defendants.

At the Final Pretrial Conference conducted on December 7, 2009, the Court inquired as

---

"[p]laintiffs should be sanctioned for this frivolous motion." (Doc. 324, at 10.)

[5]     *See generally Penalty Kick Management Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11th Cir. 2003) ("In this circuit an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith.") (citation and internal quotation marks omitted); *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) ("Mere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case.") (citations and internal quotation marks omitted).

to the continuing propriety of having four named defendants in this matter, to wit: Ciba Specialty Chemicals Corp., Ciba-Geigy Corp., Novartis, Ltd., Inc., and Syngenta Crop Protection, Inc. At that time, plaintiffs' counsel acknowledged that it may be appropriate to pare down the list entities named as parties defendant. At the Court's instruction, plaintiffs' counsel investigated this question following the Pretrial Conference and filed Plaintiffs' Submission Regarding Four Named Defendants (doc. 365). In that filing, plaintiffs outlined evidence linking each of those defendants to environmental liabilities at the Ciba plant in McIntosh. Plaintiffs also noted that (i) none of the four defendants had ever moved for dismissal on grounds that they were not proper parties, (ii) each defendant had filed an identical answer, and (iii) each defendant's discovery responses were identical. In the absence of evidence or argument that the four defendants can be meaningfully distinguished from each other for liability purposes as to the claims being litigated herein, plaintiffs indicated that they have no basis for withdrawing their claims against any of them. Defendants neither responded to, nor asked to be heard in response to, plaintiffs' filing.

In light of the foregoing, Plaintiffs' Submission Regarding Four Named Defendants (doc. 365) is **noted**. No further action will be taken at this time.

## V. Plaintiffs' Motion to Amend Exhibit List and Modify Pretrial Order.

Finally, plaintiffs have requested leave of court to amend their exhibit list for trial in a half dozen enumerated respects, with the proposed edits consisting almost exclusively of purely technical matters such as the renumbering or renaming of existing exhibits, or the inclusion of inadvertently omitted materials.

The Federal Rules of Civil Procedure provide that a court "may modify the order issued after a final pretrial conference only to prevent manifest injustice." Rule 16(e), Fed.R.Civ.P. Plaintiffs contend that the amendment of their trial exhibit list is necessary to prevent manifest injustice and that the requested changes will neither prejudice defendants nor inconvenience the Court. Plaintiffs further state that this Motion is unopposed by defendants. Upon consideration, the Court **grants** Plaintiffs' Unopposed Motion to File Second Amended Exhibit List for Trial and Modify Pretrial Order (doc. 378). In light of that ruling, plaintiffs' proposed Second Amended Exhibit List for Trial appended to their Motion as Exhibit A will be deemed

**substituted** for Exhibit G to the Joint Pretrial Document for all purposes henceforth. Plaintiffs need not refile their Second Amended Exhibit List as a separate document.

## VI. Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Defendants' Motion in Limine to Preclude References to Alleged Violations (doc. 302) is **denied**.

2. Plaintiffs' Motion for Jury Instruction Regarding Spoliation of Evidence (doc. 315) is **denied**.

3. Plaintiffs' objection in the Joint Pretrial Order (doc. 321) to defendants' disclosure of Carl Reed as a witness is **moot**; however, nothing herein shall interfere with plaintiffs' ability to interpose a relevance objection to Reed's testimony at trial if appropriate.

4. Plaintiffs' Submission Regarding Four Named Defendants (doc. 365) is **noted**.

5. Plaintiffs' Unopposed Motion to File Second Amended Exhibit List for Trial and Modify Pretrial Order (doc. 378) is **granted**. Plaintiffs' proposed Second Amended Exhibit List for Trial appended to that Motion as Exhibit A will be deemed **substituted** for Exhibit G to the Joint Pretrial Document for all purposes henceforth.

DONE and ORDERED this 23rd day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE