**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLEON ABRAMS, SR.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0068-WS-B** |
| | ) | |
| **CIBA SPECIALTY CHEMICALS** | ) | |
| **CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on plaintiffs' Unopposed Motion Requesting Dismissal with Prejudice of Plaintiffs Laurina S. Law and Oscar Reed's Claims (doc. 406), plaintiffs' Unopposed Motion for Leave to File Sealed Document (doc. 407), and plaintiffs' counsel's Motion to Withdraw and Motion for Leave to Deposit Funds (doc. 407-1.)  The Court addresses each of these motions in turn.[1]

With regard to the Motion to Dismiss, the Court understands that plaintiffs Laurina S. Law (who owns property at 787 Charlie Lee Road in McIntosh, Alabama) and Oscar Reed (who owns property at 141 Circle Road in McIntosh, and is not to be confused with settling plaintiff Oscar T. Reed, who owns property at 6389 Topton Road) have unequivocally notified plaintiffs' counsel that they neither wish to settle their claims with defendants nor to pursue such claims any further.  Because Law and Reed have expressed a desire to withdraw their claims, and have knowingly and voluntarily consented to dismissal with prejudice upon consultation with counsel, and because defendants do not object, the Motion to Dismiss (doc. 406) is **granted**.  All claims brought by Laurina S. Law and Oscar Reed against defendants in this action are **dismissed with**

---

[1]        Although this Order examines and resolves a sealed motion, nothing herein reveals confidential settlement details; therefore, this Order itself is not to be filed under seal, but is instead to be maintained in the public file.

**prejudice** pursuant to Rule 41(a)(2), Fed.R.Civ.P. The Clerk of Court is **directed** to terminate Law and Reed as parties plaintiff. Plaintiffs' counsel are **ordered** to return to defendants, on or before **July 20, 2010**, any previously-paid settlement proceeds allocable to these two plaintiffs.

Next, the Court considers plaintiffs' Unopposed Motion for Leave to File Sealed Document (doc. 407). In particular, plaintiffs have filed under seal, and request leave of court to maintain under seal, their Motion to Withdraw and Motion for Leave to Deposit Funds. Although the law recognizes a presumption that the public has a right to inspect and copy judicial records, "[t]he common law right of access may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Upon review of the sealed motion, the Court finds the requisite good cause, inasmuch as that sealed motion describes specific terms of the parties' confidential settlement. Accordingly, the Motion for Leave to File Sealed Document (doc. 407) is **granted**, and the accompanying Motion to Withdraw and Motion for Leave to Deposit Funds (doc. 407-1) will be maintained **under seal** to protect and preserve the confidentiality of the parties' settlement agreement.

Plaintiffs' counsel's Motion to Withdraw and Motion to Deposit Funds requires more detailed treatment. The gist of these Motions is this: Of the 253 plaintiffs remaining in this action as of the March 2010 settlement, plaintiffs' counsel were able to secure signed releases from all but 13. Eight of those 13 non-signing plaintiffs (Savina and James Anderson, Clara Johnston, Bernice Pressley, Carl Bruce Reed, Bonnie Sullivan, Bill Elliot Weaver, Brandy Weaver, and the heirs of Susie Whisenhunt) rejected the hard-fought settlement their attorneys had negotiated for them, and indicated that they wished to hire new lawyers to pursue their claims against Ciba. The other five plaintiffs (Linda Bragg-Williams, Plaze Covington, Bill Reed, Crystal Waite and Wanda Faye Westerdahl) were unresponsive to plaintiffs' counsel's repeated requests for execution of releases, despite numerous letters and telephone calls spanning a three-month period. Based on these developments, plaintiffs' counsel request that they be allowed to withdraw from the representation of these 13 plaintiffs and that the settlement proceeds previously paid by Ciba to plaintiffs' counsel for these 13 plaintiffs be placed in the registry of this District Court pending final resolution of these parties' claims. Defendants do not oppose this requested relief.

Addressing the withdrawal issue first, plaintiffs' counsel have made a compelling showing that they cannot continue to represent these 13 plaintiffs. In many instances, the subject

plaintiffs have specifically informed counsel that they wish to hire new lawyers. In others, the subject plaintiffs have been entirely unresponsive and uncommunicative with their attorneys. As to all 13 of these individuals, the plaintiffs have either expressly or implicitly rejected a favorable settlement of doubtful and disputed claims that their counsel of record expended herculean effort over a period of years to achieve. Under the circumstances, the Court agrees with plaintiffs' counsel that the attorney-client relationship has been irretrievably compromised; therefore, the Motion to Withdraw (doc. 407-1) is **granted**. The Clerk of Court is **directed** to terminate all attorneys at Reich & Binstock, LLP; McCleave & Denson, LLC; and Gray, Langford, Sapp, McGowan, Gray & Nathanson as counsel of record for the 13 above-named plaintiffs, and to designate those plaintiffs *pro se*, pending appearance of new counsel on their behalf.

This brings us to plaintiffs' counsel's request to deposit settlement proceeds relating to those 13 plaintiffs into the registry of this District Court pending final resolution of the dispute between Ciba and these plaintiffs. The Court does not agree with plaintiffs' counsel that deposit of the subject funds into the registry is appropriate under these circumstances. At present, there is no conceivable dispute between the 13 plaintiffs and Ciba about ownership of the subject funds. Ciba offered to pay those funds to the 13 plaintiffs, and fronted the money to plaintiffs' counsel for disbursement upon execution of releases, but the 13 plaintiffs never signed releases and either expressly or implicitly rejected the settlement. These rejected settlement funds plainly belong to defendants, unless and until such time as the remaining 13 plaintiffs may receive a final money judgment in their favor. Accordingly, no constructive purpose would be served by the Clerk of Court holding money that indisputably belongs to Ciba as this litigation proceeds. The Court fully understands why plaintiffs' counsel, having been relieved of their responsibility to represent these 13 plaintiffs, would no longer wish to retain settlement proceeds that would have been allocable to their now ex-clients. But there is no reason, and no perceptible benefit, to entangling the Clerk of Court in stewardship of those funds as this litigation churns onward between those 13 remaining plaintiffs and Ciba; rather, it would be in the best interests of all concerned for plaintiffs' counsel to return those funds directly to defendants as rejected settlement proceeds, to which no strings are attached at this time. For these reasons, the Motion to Deposit Funds (doc. 407-1) is **denied**. Plaintiffs' counsel are **ordered** to return to defendants, on or before **July 20, 2010**, the settlement proceeds allocable to these 13 plaintiffs.

Finally, the Court deems it appropriate at this time to address the path going forward for the remaining litigants. This matter is hereby set for a status conference before Magistrate Judge Bivins on **Friday, August 6, 2010**, at **10:00 a.m.**, in **Courtroom 1A**, United States Courthouse, Mobile, Alabama. All 13 remaining plaintiffs (Savina and James Anderson, Linda Bragg-Williams, Plaze Covington, Clara Johnston, Bernice Pressley, Bill Reed, Carl Bruce Reed, Bonnie Sullivan, Crystal Waite, Bill Elliot Weaver, Brandy Weaver, Wanda Faye Westerdahl, and heirs of Susie Whisenhunt) are **ordered** to attend this status conference, either personally or through substitute counsel. If these 13 plaintiffs wish to proceed with their property damage claims against Ciba in this action, it is certainly their right to do so. Nonetheless, the Court wishes to be very clear on this point: **Any plaintiff who fails to attend this status conference, either personally or through new counsel, will be deemed to have abandoned his or her claims in this lawsuit, and will face dismissal of his or her claims for failure to prosecute and failure to obey court orders**. The Court will not tolerate delay or noncompliance. Counsel for defendants is also **ordered** to attend this status conference.

With respect to the other approximately 240 plaintiffs in this action, there has been no motion for reinstatement. The deadline for filing such a motion was July 1, 2010. In accordance with the Orders of March 25, 2010 (doc. 396) and June 22, 2010 (doc. 405), this action is **dismissed with prejudice** as to all claims brought by all plaintiffs save the 13 plaintiffs who are named in the preceding paragraph. The Clerk of Court is **directed** to terminate all other plaintiffs on the docket sheet, leaving as active plaintiffs only the 13 *pro se* plaintiffs listed above.

The Clerk of Court is directed to mail copies of this Order to the 13 plaintiffs as follows:

1. Savina and James Anderson, P.O. Box 355, McIntosh, AL 36553;
2. Linda Bragg-Williams, P.O. Box 202, McIntosh, AL 36553;
3. Plaze Covington, 2753 Erin Drive, Marrero, LA 70072;
4. Clara Johnston, P.O. Box 622, McIntosh, AL 36553;
5. Bernice Pressley, 339 Charlie Lee Road, McIntosh, AL 36553;
6. Bill Reed, P.O. Box 306, McIntosh, AL 36553;
7. Carl Bruce Reed, 4744 Hwy 43, McIntosh, AL 36553;
8. Bonnie Sullivan, 293 Charlie Lee Road, McIntosh, AL 36553;
9. Crystal Waite, P.O. Box 82, McIntosh, AL 36553;

10. Bill Elliot Weaver, P.O. Box 772, McIntosh, AL 36553;

11. Brandy Weaver, P.O. Box 802, McIntosh, AL 36553;

12. Wanda Faye Westerdahl, P.O. Box 9943, McIntosh, AL 36553;

13. Heirs of Susie Whisenhunt, P.O. Box 90, McIntosh, AL 36553; and

14. Heirs of Susie Whisenhunt, P.O. Box 1163, McIntosh, AL 36553.


DONE and ORDERED this 6th day of July, 2010.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE