**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**CLEON ABRAMS, SR., *et al.*,** )
)
    **Plaintiffs,** )
)
**v.** ) **CIVIL ACTION 08-0068-WS-B**
)
**CIBA SPECIALTY CHEMICALS** )
**CORPORATION, *et al.*,** )
)
    **Defendants.** )

**ORDER**

This matter comes before the Court *sua sponte*.

**A.    The July 6 Order and August 6 Status Conference.**

On July 6, 2010, the undersigned entered an Order (doc. 408) that, among other things, set a status conference before Magistrate Judge Bivins for the 13 remaining plaintiffs in this action who had either rejected or failed to respond to defendants' settlement proposal, and authorized plaintiffs' counsel of record to withdraw from further representation of those individuals.[1] The July 6 Order set that status conference for August 6, 2010 at 10:00 a.m., and expressly ordered these 13 plaintiffs to appear at that time, either personally or through substitute counsel. The July 6 Order left no doubt whatsoever as to the consequences of noncompliance, stating as follows: "**Any plaintiff who fails to attend this status conference, either personally or through new counsel, will be deemed to have abandoned his or her claims in this lawsuit, and will face dismissal of his or her claims for failure to prosecute and failure to obey court orders.** The Court will not tolerate delay or noncompliance." (Doc. 408, at 4 (emphasis in original).) Copies of the July 6 Order were mailed to all 13 plaintiffs at their addresses of record,

---

[1]    Those plaintiffs are Savina and James Anderson, Linda Bragg-Williams, Plaze Covington, Clara Johnston, Bernice Pressley, Bill Reed, Carl Bruce Reed, Bonnie Sullivan, Crystal Waite, Bill Elliot Weaver, Brandy Weaver, Wanda Faye Westerdahl, and heirs of Susie Whisenhunt.

as supplied by their former counsel. The Court has no information and no reason to believe that any of these 13 plaintiffs failed to receive actual notice of the July 6 Order and their accompanying obligation to attend the August 6 status conference if they wished to pursue their claims in this action.

Magistrate Judge Bivins conducted the requisite status conference at 10:00 a.m. on August 6, 2010, as contemplated by the July 6 Order. Eleven of the 13 remaining plaintiffs failed to appear, either personally or through substitute counsel or any other representative of any kind, or otherwise to acknowledge or respond in any way to the July 6 Order. The other two plaintiffs (Carl Bruce Reed and Wanda Faye Westerdahl) appeared at the conference by and through Celene Reed, their sister, whom they had authorized to act on their behalf. At the conference, Celene Reed reached agreement with defendants as to a settlement that would fully resolve all claims of Carl Bruce Reed and Wanda Faye Westerdahl. Defendants also notified the Court of a fourteenth plaintiff, Johnny Lee Johnston, who had rejected defendants' settlement offer but who had not been sent notice of the status conference because plaintiffs' counsel did not list him as a plaintiff who had failed to complete the settlement process. Johnny Lee Johnston is the spouse of Clara Johnston, one of the plaintiffs who did receive notice of the August 6 status conference and who failed to appear; however, it is unclear on this record whether Johnny Lee Johnston did or did not receive notice of that conference. The Court will address each of these three categories of plaintiffs (the 11 plaintiffs who did not appear, the 2 plaintiffs who appeared and settled their claims, and the 14th plaintiff who may not have received notice) in turn.

**B.     The Eleven Non-Appearing Plaintiffs.**

Despite the very clear directives set forth in the July 6 Order, and the unequivocal, bold-type warning to plaintiffs that their claims would be dismissed in the event of noncompliance, plaintiffs Savina and James Anderson, Linda Bragg-Williams, Plaze Covington, Clara Johnston, Bernice Pressley, Bill Reed, Bonnie Sullivan, Crystal Waite, Bill Elliot Weaver, Brandy Weaver, and heirs of Susie Whisenhunt did not appear at the August 6 status conference and neither contacted the Court nor otherwise acknowledged the July 6 Order.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The July 6 Order was both reasonable and well-

grounded in law, yet these 11 plaintiffs ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified these 11 plaintiffs that they must attend the August 6 status conference, and admonished them in the plainest of terms that failure to do so would result in dismissal of their claims. Yet none of them appeared. None of them filed a request for continuance. None of them contacted the Court or Clerk's Office to seek any kind of relief from the strict terms of the July 6 Order. They simply did not acknowledge the July 6 Order in any form or fashion. Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss these 11 plaintiffs' claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, all claims brought by plaintiffs Savina and James Anderson, Linda Bragg-Williams, Plaze Covington, Clara Johnston, Bernice Pressley, Bill Reed, Bonnie Sullivan, Crystal Waite, Bill Elliot Weaver, Brandy Weaver, and heirs of Susie Whisenhunt are hereby **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P. The Clerk's Office is **directed** to terminate these 11 plaintiffs as parties to this action.

### C. Plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl.

With respect to plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl, they did participate in the August 6 status conference via their sister. More importantly, they resolved their claims against defendants in their entirety at that status conference, subject to completion and execution of appropriate settlement documentation.

The Court understands that defense counsel will prepare releases and file an appropriate stipulation of dismissal as to plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl upon execution of same. It is anticipated that this process will take no longer than 30 days. In the event that a stipulation of dismissal is not filed as to plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl within that time frame, defendants are **ordered**, on or before **September 10, 2010**, to file a written report documenting the status of their efforts to consummate the settlement reached between defendants and those two plaintiffs.

### D. Plaintiff Johnny Lee Johnston.

With respect to plaintiff Johnny Lee Johnston, in an abundance of caution and to ensure that he receives actual notice and a fair opportunity to appear, this matter is set for a status conference before Magistrate Judge Bivins on **Friday, August 20, 2010**, at **10:00 a.m.**, in **Courtroom 1A**, **United States Courthouse, Mobile, Alabama.** Plaintiff Johnny Lee Johnston is **ordered** to attend this status conference, either personally or through substitute counsel.

Simply put, if he wishes to proceed with his property damage claims against Ciba in this action, he must attend the August 20 conference. **If Johnny Lee Johnston fails to attend this status conference, either personally or through new counsel, he will be deemed to have abandoned his claims in this lawsuit, and will face dismissal of his claims for failure to prosecute and failure to obey court orders**. Counsel for defendants is also **ordered** to attend this status conference.

## E. Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. All claims brought by plaintiffs Savina and James Anderson, Linda Bragg-Williams, Plaze Covington, Clara Johnston, Bernice Pressley, Bill Reed, Bonnie Sullivan, Crystal Waite, Bill Elliot Weaver, Brandy Weaver, and heirs of Susie Whisenhunt are hereby **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P. The Clerk's Office is **directed** to terminate these 11 plaintiffs as parties to this action.
2. In the event that a stipulation of dismissal is not filed as to plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl within the next 30 days, defendants are **ordered**, on or before **September 10, 2010**, to file a written report documenting the status of their efforts to consummate the settlement reached between defendants and those two plaintiffs.
3. Plaintiff Johnny Lee Johnston and defendants' counsel are **ordered** to attend a status conference before Magistrate Judge Bivins on **Friday, August 20, 2010**, at **10:00 a.m.**, in **Courtroom 1A**, **United States Courthouse, Mobile, Alabama.**

The Clerk of Court is directed to mail copies of this Order to the affected plaintiffs as follows:

1. Savina and James Anderson, P.O. Box 355, McIntosh, AL 36553;
2. Linda Bragg-Williams, P.O. Box 202, McIntosh, AL 36553;
3. Plaze Covington, 2753 Erin Drive, Marrero, LA 70072;
4. Clara Johnston, P.O. Box 622, McIntosh, AL 36553;
5. Bernice Pressley, 339 Charlie Lee Road, McIntosh, AL 36553;
6. Bill Reed, P.O. Box 306, McIntosh, AL 36553;
7. Carl Bruce Reed, 4744 Hwy 43, McIntosh, AL 36553;

8. Bonnie Sullivan, 293 Charlie Lee Road, McIntosh, AL 36553;

9. Crystal Waite, P.O. Box 82, McIntosh, AL 36553;

10. Bill Elliot Weaver, P.O. Box 772, McIntosh, AL 36553;

11. Brandy Weaver, P.O. Box 802, McIntosh, AL 36553;

12. Wanda Faye Westerdahl, P.O. Box 9943, Mobile, AL 36691-0943;

13. Heirs of Susie Whisenhunt, P.O. Box 90, McIntosh, AL 36553;

14. Heirs of Susie Whisenhunt, P.O. Box 1163, McIntosh, AL 36553; and

15. Johnny Lee Johnston, P.O. Box 622, McIntosh, AL 36553.

DONE and ORDERED this 9th day of August, 2010.

                                               s/WILLIAM H. STEELE
                                               CHIEF UNITED STATES DISTRICT JUDGE