IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEON ABRAMS, SR.**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0068-WS-B |
| | ) |
| **CIBA SPECIALTY CHEMICALS** | ) |
| **CORPORATION**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

On August 9, 2010, the undersigned entered an Order (doc. 412) that, among other things, set a status conference before Magistrate Judge Bivins for plaintiff Johnny Lee Johnston, who had previously rejected defendants' settlement proposal but who may not have received notice of the August 6 status conference for all similarly situated plaintiffs. The August 9 Order expressly ordered Johnston to appear, either personally or through substitute counsel, at a status conference on August 20, 2010, at 10:00 a.m. The August 9 Order took pains to delineate the consequences of noncompliance, stating as follows: "**If Johnny Lee Johnston fails to attend this conference, either personally or through new counsel, he will be deemed to have abandoned his claims in this lawsuit, and will face dismissal of his claims for failure to prosecute and failure to obey court orders**." (Doc. 412, at 5 (emphasis in original).) Moreover, a second Order (doc. 414) dated August 16, 2010, reiterated to Johnston that if he wished to pursue his claims, "**he must either attend the August 20 status conference himself or make arrangements for alternative counsel to appear on his behalf.**" (Doc. 414, at 2 (emphasis in original).) Copies of the August 9 and August 16 Orders were mailed to Johnston at his address of record, as supplied by his former counsel. The Court has no information and no reason to believe that Johnston failed to receive actual notice of these Orders and his accompanying obligation to attend the August 20 status conference.

Magistrate Judge Bivins conducted the requisite status conference at 10:00 a.m. on August 20, 2010, as contemplated by the August 9 and August 16 Orders. Despite the very clear directives set forth in those Orders, and the unequivocal, bold-type warning that his claims would be dismissed in the event of noncompliance, Johnston failed to appear, either personally or through substitute counsel or any other representative of any kind, or otherwise to acknowledge or respond in any way.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The August 9 and August 16 Orders were both reasonable and well-grounded in law, yet Johnston ignored them, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as

"protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified Johnston that he must attend the August 20 status conference, and admonished him in the plainest of terms that failure to do so would result in dismissal of his claims. Yet he did not appear. He did not file a request for continuance. He did not contact the Court or Clerk's Office to seek relief from the strict terms of those Orders. He simply did not acknowledge the August 9 and August 16 Orders in any form or fashion. Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss his claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, all claims brought by plaintiff Johnny Lee Johnston are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

The Clerk's Office is **directed** to terminate Johnny Lee Johnston as a party to this action and to mail a copy of this Order to him at his address of record, to-wit: P.O. Box 622, McIntosh, AL 36553.

DONE and ORDERED this 23rd day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE