IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEON ABRAMS, SR.,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0068-WS-B |
| | ) |
| **CIBA SPECIALTY CHEMICALS** | ) |
| **CORPORATION,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

On September 13, 2010, the undersigned entered an Order (doc. 417) that, among other things, specifically ordered *pro se* plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl to file a written notice on or before October 4, 2010, stating whether they intended to proceed with litigation of their pending claims in this action, identifying whether they had retained substitute counsel, and apprising the Court of their current contact information. The September 13 Order took pains to delineate the consequences of noncompliance, stating as follows: "**Reed and Westerdahl are cautioned that if they fail to comply timely with this Order …, they will be deemed to have abandoned their claims in this lawsuit, and will face dismissal of their claims for failure to prosecute and failure to obey court orders.**" (Doc. 417, at 3 (emphasis in original).) Copies of the September 13 Order were mailed to Reed and Westerdahl at their last known addresses, as supplied by their former counsel. The Court has no information and no reason to believe that Reed or Westerdahl failed to receive actual notice of the September 13 Order and their accompanying obligation to file a notice setting forth their contact information, counsel status, and litigation intentions on or before the October 4 deadline.

Despite the very clear directive set forth in the September 13 Order, and the unequivocal, bold-type warning that their claims would be dismissed in the event of noncompliance, Reed and Westerdahl failed to file the required notice prior to the court-established deadline. Indeed, the

court file reflects no filing activity of any kind by these two plaintiffs following the September 13 Order, and the undersigned's chambers have received no communications from either plaintiffs or their purported representatives. By all appearances, Reed and Westerdahl simply elected not to acknowledge or respond to the September 13 Order, despite actual notice of the adverse consequences of such a course of action.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The September 13 Order was both reasonable and well-grounded in law, yet Reed and Westerdahl ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful

expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified Reed and Westerdahl that they must file a simple notice reflecting whether they intended to proceed with their claims, identifying any substitute counsel they had retained, and confirming their contact information. The Court likewise admonished Reed and Westerdahl in the plainest of terms that failure to do so in a timely manner would result in dismissal of their claims. Yet they did not file a notice. They did not file anything. They did not request an extension of time. They did not contact the Court or Clerk's Office to seek relief from the strict terms of the September 13 Order. They simply did not acknowledge the September 13 Order in any form or fashion. Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss their claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, all claims brought by plaintiffs Carl Bruce Reed and Wanda Faye Westerdahl are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

The Clerk's Office is **directed** to terminate Reed and Westerdahl as parties to this action and to mail copies of this order to them at their respective addresses of record, to-wit:

Carl Bruce Reed, 4744 Hwy 43, McIntosh, AL 36553

Wanda Faye Westerdahl, P.O. Box 9943, Mobile, AL 36691-0943.

DONE and ORDERED this 18th day of October, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE